IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO MARRUFO, | Case No. 1:09-cv-01481 JLT (PC) |
| Plaintiff, | ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND |
| vs. | (Doc. 1) |
| J.E. SUGRUE, et al., | |
| Defendants. | |

Plaintiff is a federal prisoner proceeding pro se and *in forma pauperis* with a civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violations of civil rights by federal actors. This proceeding was referred to the undersigned magistrate judge in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 302. Pending before the Court is Plaintiff's complaint filed August 24, 2009.

**I.   SCREENING**

The Court is required to review a case filed *in forma pauperis*. 28 U.S.C. § 1915(A)(a). The Court must review the complaint and dismiss the action if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2). If the Court determines the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

The Federal Rules of Civil Procedure adopt a flexible pleading policy. A complaint must simply contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(c). Nevertheless, a complaint must give fair notice and state the elements of the plaintiff's claim plainly and succinctly. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In other words, the plaintiff is required to give the defendants fair notice of what constitutes the plaintiff's claim and the grounds upon which it rests. Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). Although a complaint need not outline all the elements of a claim, there "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570). Vague and conclusory allegations are insufficient to state a claim under § 1983. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II. BACKGROUND

In his complaint, Plaintiff identifies Villa-Williams, Reese, Sugrue, and Guzman as defendants to this action. Plaintiff alleges the following. On March 11, 2009, he was placed in administrative segregation due to a prison riot. Thereafter, Defendant Villa-Williams assured Plaintiff that his belongings were safely stored at the unit's office and that she would send him his belongings. About a month later, Defendant Villa-Williams had personal belongings returned to prisoners confined in administrative segregation. However, Plaintiff's property was missing. (Compl. at 3.)

Plaintiff subsequently filed several inmate complaints regarding his lost or stolen belongings. First, on April 12, 2009, Plaintiff submitted a lost/stolen property claim. That claim was eventually denied by Defendant Reese on grounds allegedly irrelevant to Plaintiff's property claims. Second, on June 6, 2009, Plaintiff submitted an inmate request to Defendant Guzman. Defendant Guzman responded that he would assign someone to investigate the matter. Finally third, on August 4, 2009, Plaintiff filed an inmate request to Defendant Sugrue. Defendant Sugrue denied Plaintiff's request. (Compl. at 3-4.)

Based on the above allegations, Plaintiff appears to claim that Defendants violated his rights under the Due Process Clause of the Fifth Amendment. In terms of relief, Plaintiff seeks compensatory and punitive damages. (Compl. at 3.)

## III. DISCUSSION

### A. Lost Property

The Due Process Clause of the Fifth Amendment protects individuals from federal deprivations of life, liberty, or property without due process of law. With respect to a prisoner's lost or stolen property, the United States Supreme Court has held that "an unauthorized *intentional* deprivation of property" by a prison official constitutes a violation of due process if a meaningful post-deprivation remedy for the loss is unavailable. Hudson v. Palmer, 468 U.S. 517, 533 (1984) (emphasis added). If, however, a prison official merely acts *negligently* in losing a prisoner's property, there is no due process violation. See Daniels v. Williams, 474 U.S. 327, 328-32 (1986).[1]

Here, Plaintiff's allegations against Defendant Villa-Williams demonstrate negligence, at most. Plaintiff does not allege that Defendant Villa-Williams had control over or somehow was responsible for Plaintiff's belongings. Nor is there any indication that Defendant Villa-Williams now knows where Plaintiff's belongings are but is intentionally seeking to deprive Plaintiff of his property. Rather, it appears from the complaint that Defendant Villa-Williams believed Plaintiff's belongings were in safe-keeping and attempted to return them to Plaintiff. Accordingly, Plaintiff's allegations against Defendant Villa-Williams fail to state a cognizable claim.

### B. Inmate Grievances

Plaintiff alleges that Defendants Reese, Guzman, and Sugrue either denied or failed to timely respond to his inmate complaints and requests regarding his lost property. Such allegations, however, are insufficient to demonstrate a constitutional violation. In the Ninth Circuit, it is well-established that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Therefore, when a prison official denies, screens-out, or ignores an inmate's grievance, the prison official does not deprive the inmate of any constitutional right. See, e.g., Wright v. Shannon, No. CIV

---

[1] In Hudson and Daniels, the United States Supreme Court discusses due process within the context of the Fourteenth Amendment. Nevertheless, with respect to a prisoner's lost property, the due process analysis under the Fourteenth Amendment is identical to that under the Fifth Amendment. See Betts v. Brady, 316 U.S. 455, 462 (1942) ("Due process of law is secured against invasion by the federal Government by the Fifth Amendment and is safe-guarded against state action in identical words by the Fourteenth [Amendment].").

F-05-1485 LJO YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegation that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Walker v. Vazquez, No. CIV F-09-0931 YNP PC, 2009 WL 5088788, at *6-7 (E.D. Cal. Dec. 17, 2009) (plaintiff's allegation that prison officials failed to timely process his inmate appeals failed to state a cognizable claim); Towner v. Knowles, No. CIV S-08-2833 LKK EFB P, 2009 WL 4281999, at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegation that prison officials screened-out his inmate grievances without any basis failed to show a deprivation of federal rights). Accordingly, Plaintiff's allegations against Defendants Reese, Guzman, and Sugrue fail to state a cognizable claim.

### C. Leave to Amend

The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted). However, if Plaintiff elects to file an amended complaint, he is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is also advised that once he files an amended complaint, his original pleadings are superceded and no longer serve any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, the amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220.

## IV. CONCLUSION

Accordingly, for the reasons set forth above, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed;

2. Plaintiff is granted thirty (30) days from the date of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint";

3. The Clerk of the Court is directed to send Plaintiff the form complaint for use in a Bivens civil rights action; and

1 |     4.    Plaintiff is cautioned that failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

IT IS SO ORDERED.

Dated:  **October 29, 2010**                           /s/ **Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE